IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAYON WHITE : <br> 1109 Wahler Place, SE : <br> Washington, DC 20032 : <br>     Plaintiff : <br> : <br> v. : <br> District of Columbia Government : <br> 441 4th Street, NW, Suite 800S : <br> Washington, DC 20001 : <br> Serve:   OAG : <br>         441 4th Street, NW : <br>         Washington, DC 20001 : <br> : <br>     Defendant : <br> : | Civil Action No.: 1:14-CV-00723 |

_____
**CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY**
_____

Plaintiff Trayon White, by and through his attorneys, the Law Offices of Lawrence B. Manley & Associates, LLC, complains against Defendants and requests trial by jury as follows:

**I. INTRODUCTION**

1. This is an action brought by Trayon White, an African American member of the District Of Columbia Board of Education to vindicate profound deprivations of his constitutional rights caused by police brutality.

2. On or about November 26, 2013, **Trayon White**, born 5/11/1984, while in the District of Columbia, was assaulted and viciously attacked, without provocation or legal cause, by an officer employed by the DC Police Metropolitan police force causing Mr. White to sustain severe and permanent injuries to his neck, shoulders and upper back.

**II. JURISDICTION, VENUE, AND NOTICE**

3. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983

and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201.

4. This case is instituted in the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendants maintain offices and/or reside.

5. NOTICE was provided to the Mayor of the District of Columbia via the Office of Risk Management pursuant to Section 12-309, DC Official Code (2001).

### III. PARTIES

6. At all times relevant hereto, Plaintiff Trayon White was a resident of the District of Columbia and a citizen of the United States of America.

7. Defendant District of Columbia, hereinafter "Defendant DC" is a municipal corporation and is the legal entity responsible for itself and for the District of Columbia Metropolitan Police Department. This Defendant is also the employer of the individual Defendant and is a proper entity to be sued under 42 U.S.C. § 1983.

8. As the Chief of the District of Columbia Metropolitan Police Department, Defendant Lanier both exercised and delegated her municipal final decision making power to others. On information and belief, she also trained and supervised individual Defendant Arabo.

9. Defendant District of Columbia and Defendant Lanier are properly sued directly under 42 U.S.C. §1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

10. The Defendant District of Columbia is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Lanier in her official capacity as the Chief of the

District of Columbia Metropolitan Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

### IV. STATEMENT OF FACTS

11. Plaintiff incorporates all of the preceding paragraphs, including the allegations, as if they were fully set forth again at this point.

12. On Tuesday, November 26, 2013 at approximately 11:00am, Mr. Trayon White was at 1225 W Street, SE at Councilmember Marion Barry's Annual Turkey Drive held at Union Temple Church (UTC).

13. Mr. White was driving a Black Lincoln Town car and coming in front of the Union Temple Church on W Street, SE at the time of the incident.

14. Officer Arabo was standing in the **street**, along with about four (4) other officers. Officer Arabo was using his hands to wave cars down the streets.

15. Mr. White pulled up a little pass Officer Arabo and rolled down his window to let officer Arabo know he intended to deliver items for seniors to Union Temple Church.

16. Officer Arabo looked at Mr. White but did not respond.

17. Mr. White proceeded to pull away.

18. A large tractor trailer truck came from the parking lot of Union Temple Church into the small one way street. The tractor trailer blocked the entire road.

19. Mr. White heard a loud crash. The truck hit something or many things.

20. There was no way for any of the cars on the street to move. Mr. White had passengers in his car. His passengers got out of his car so they could take boxes into the church.

21. Mr. White went to his trunk and opened it. He leaned over toward the back right side of his trunk picking up a box to take into the Union Temple Church.

22.     Without any warning or notice of any kind, Mr. White felt the trunk slam on his head. The blow was very hard. He dropped the box and felt the trunk slam on his head again. He got his head from underneath the trunk and notice police officer Arabo, badge number 2134 attempting to slam it again.

23.     When he put his arm up to brace himself, the officer slammed it again on his left shoulder. Mr White asked the officer, "what are you doing?" Officer Arabo looked at him with a blank stare and proceeded to again slam the trunk on Mr. White.

24.     Without warning or provocation, and with malice, officer Arabo brutally used the trunk of Mr. White's vehicle to repeatedly slam Mr. White's head, arms and shoulder, causing injury to Mr. White.

25.     At the time of this incident, Plaintiff was an unarmed, about 135 pounds, 5'5" tall, and was no match for the armed officer. Nor had the plaintiff in any way provoked the officer.

26.     The attack by officer Arabo was unprovoked, unexpected and demonstrated extreme brutality. Mr. White was badly injured and subsequently transported to United Medical Center hospital.

27.  Mr. White observed Assistant MPD Chief Grooms speak with Officer Arabo. After speaking with the officer AC Grooms spoke with Mr. White.  AC Grooms told Mr. White that Officer Arabo had told her some very disturbing news and that she would have officer Arabo evaluated.

### **V. CLAIMS FOR RELIEF**

FIRST CLAIM FOR RELIEF-42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments (Against Defendant Arabo and District of Columbia)

28.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

29.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in

4

      equity, or other appropriate proceeding for redress . . .

30.      Plaintiff in this action is a citizen of the United States and the individual police officer Defendant to this claim are persons for purposes of 42 U.S.C. § 1983.

31.      The individual Defendant to this claim, at all times relevant hereto, was acting under the color of state law in his capacity as District of Columbia Metropolitan Police Department police officers and his acts or omissions were conducted within the scope of his official duties or employment.

32.      At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

33.      Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

34.      Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

35.      Defendant Arabo's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.

36.      Defendant Arabo's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. White's federally protected rights. The force used by these Defendant officer shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

37.      Defendant Arabo unlawfully seized Mr. White by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. White of his freedom.

38.      The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

39.     Defendant engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. White's federally protected constitutional rights.

40.     Officer Arabo did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

41. The acts or omissions of Defendant were moving forces behind Plaintiff's injuries.

42. The acts or omissions of Defendant as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

43. The individual Defendant Officer is not entitled to qualified immunity for the complained of conduct.

44. The Defendant Officer to this claim at all times relevant hereto was acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Plaintiff.

45.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

46.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained of his injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

47.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against the individually named Defendant under 42 U.S.C. § 1983, in that the actions of the individual Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### SECOND CLAIM FOR RELIEF

Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1981
(Against The District of Columbia and Defendant Lanier)

48. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

49. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

50. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

51. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

52 Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

    b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

53. Defendant Lanier and Defendant District of Columbia knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

54. The acts or omissions of these Defendants, as described herein, deprived Mr. White of his constitutional and statutory rights and caused him other damages.

55. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

56. Defendants are not entitled to qualified immunity for the complained of conduct.

57. Defendant Lanier, Defendant District of Columbia were, at all times relevant, policymakers for the of Columbia Metropolitan Police Department , and in that capacity established policies, procedures, customs, and/or practices for the same.

58. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. White's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

59. Defendant Lanier and the Defendant District of Columbia have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

60. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to

provide such specialized training and supervision is deliberately indifferent to those rights.

61.     The deliberately indifferent training and supervision provided by Defendant District of Columbia and Defendant Lanier resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant District of Columbia and Defendant Lanier and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

62.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

63.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## VI. PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

   A.   compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

   B. economic losses on all claims allowed by law;

   C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988,

Dated: April 25, 2014

By: Law Office of Lawrence B. Manley and Associates, LLC

_____/S/ Lawrence B. Manley_____
Lawrence B. Manley, Esq. Bar # 379702
700 12th Street, N.W., Suite 700
Washington, DC 20005
Office: (202) 499-2141; Cell (202) 256-4524
Fax (240) 414-1120
Attorney for Plaintiff

                      PLAINTIFF REQUESTS A TRIAL BY JURY

                      ___/s/ Lawrence B. Manley_____
                      Lawrence B. Manley