# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRAYON WHITE, | |
| Plaintiff, | |
| v. | Case No.: 14-cv-00723 (CKK) |
| DISTRICT OF COLUMBIA, *et. al.,* | |
| Defendants. | |

## DISTRICT OF COLUMBIA'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant District of Columbia ("the District"), by and through undersigned counsel, pursuant to Fed. Civ. R. P. 56(a), moves this Court for summary judgment as to Plaintiff's §1983 claim (Claim I of the  Amended Complaint).  As will be explained in greater detail in the attached memorandum of points and authorities, the District is entitled to summary judgment because the District cannot be held liable for a §1983 constitutional violation solely under a theory of *respondeat superior*.  And Plaintiff cannot demonstrate that the District had explicit policies that would have motivated the alleged unprovoked battery, or that the District was so indifferent to a pattern of pervasive Constitutional abuse that it amounted to a tacit endorsement. Consequently, no reasonable jury could find for Plaintiff on his constitutional claim and the Court should grant judgment to the District on Count I of the Amended Complaint.

Dated: February 3, 2017

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Sarah L. Knapp
SARAH L. KNAPP [470008]
Chief, Civil Litigation Division Section III
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6528
sarah.knapp@dc.gov

/s/ Alex Karpinski
ALEX KARPINSKI [982184]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
(202) 442-9866
alex.karpinski@dc.gov

/s/ Jordan S. Liew
JORDAN S. LIEW[1]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6511
Fax: (202) 741-8995

*Attorneys for the District of Columbia*

---

[1]     Admitted to practice only in Maryland. Appearing before this Court pursuant to LCvR 83.2(f).

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TRAYON WHITE, | |
| Plaintiff, | |
| v. | Case No.: 14-cv-00723 (CKK) |
| DISTRICT OF COLUMBIA, *et. al.,* | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF THE DISTRICT OF COLUMBIA'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

**INTRODUCTION**

The District is entitled to partial summary judgment because the District cannot be held

liable for a §1983 Constitutional violation solely under a theory of respondeat superior.  The

District of Columbia can only be held liable if the Constitutional violations were the result of

express District legislation or policies, or if the District's inaction or indifference rose to a level

such that they were, in effect, policies of the District.  The Plaintiff can demonstrate neither of

these two requirements that are necessary to hold the District liable for a §1983 constitutional

violation.

**STANDARD OF REVIEW**

Summary judgment is warranted when the "materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations, ...

admissions, interrogatory answers, or other materials" show "there is no genuine dispute as to

any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a)-

(c).  "The mere existence of *some* alleged factual dispute between the parties" will not defeat

1

summary judgment; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination."  *Holcomb v. Powell,* 433 F.3d 889, 895 (D.D.C. 2006) (*quoting Anderson,* 477 U.S. at 248)).  An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.*  The genuineness of an issue may also be called into question if a prior judgment precludes the current action.  *See Morgan v. F.A.A.*, 657 F. Supp. 2d 146, 152-53 (D.D.C. 2009) ("A decision to grant summary judgment… requires a determination of whether there is a genuine issue of fact as to whether a prior judgment exists and precludes this action.").

"[T]he burden on a defendant moving for summary judgment may be discharged without factual disproof of the plaintiff's case; the defendant need only identify the ways in which the plaintiff has failed to come forward with sufficient evidence to support a reasonable jury to find in her favor on one or more essential elements of her claim." *Grimes v. Dist. of Columbia,* 794 F.3d 83, 93 (D.C. Cir. 2015).   But, the non-moving party's opposition "must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations or other competent evidence, setting forth specific facts showing that there is a genuine issue for trial." *Brown v. Broadcasting Bd. of Governors*, 662 F. Supp. 2d 41, 46 (D.D.C. 2009) (*citing* Fed.R.Civ.P. 56(e)); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  The non-moving party must "provide evidence that would permit a reasonable jury to find" in his favor.  *Laningham v. U.S. Navy,* 813 F.2d 1236, 1242 (D.C. Cir. 1987).  If the non-movant's evidence is "merely colorable" or "not significantly probative," summary judgment may be granted.  *Anderson,* 477 U.S. at 249-50; *see Scott v. Harris,* 550 U.S. 372, 380 (2007) ("Where the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, there is 'no genuine

issue for trial.'") (quoting *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S.

574, 587 (1986)).  To defeat summary judgment, a Plaintiff must have more than "a scintilla of

evidence to support his claims." *Freedman v. MCI Telecomms. Corp.,* 255 F.3d 840, 845 (D.C.

Cir. 2001).

## ARGUMENT

### *I.*    **The District Cannot Be Held Liable Under a §1983 Claim Solely on a Theory of** ***Respondeat Superior.***

According to Plaintiff "Defendant District of Columbia is liable for the actions of its

officers under the doctrine of *respondeat superior*." Am. Compl.  ¶42  This is not sufficient to

find against the District for a constitutional violation under 42 U.S.C. § 1983 based on the  the

injuries allegedly caused by Defendant Amos .

Municipal liability under 42 U.S.C. 1983 is severely limited.  The Supreme Court,  in

*Monell v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978), expressly restricted

municipal liability to cases where "the action that is alleged to be unconstitutional implements or

executes a policy statement, ordinance, regulation or decision officially adopted and promulgated

by that body's officers."  The District acknowledges that as a municipality, it is a "person" for

purposes of § 1983.

However, as a municipality, "[the District] can be found liable under § 1983 only where

[it] causes the constitutional violation at issue."  *Id.; see also Best v. District of Columbia,* 743 F.

Supp. 44, 46 (D.D.C.1990); *City of Canton, Ohio v. Harris,* 489 U.S. 378, 385 (1989) (citing

*Monell,* 436 U.S. at 694-95).  Conversely, "a municipality cannot be held liable solely because it

employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a

3

*respondeat superior* theory." *Monell* 436 U.S. at 690.  As a result, a municipality cannot be sued

under § 1983 simply because one of its employees or agents violated a plaintiff's rights.  *Id.*

Here, to the extent that Plaintiff seeks to hold the District liable for a violation of Plaintiff's

Fourth and Fourteenth Amendment rights based upon a theory of *respondeat superior* liability,

the District is entitled to summary judgment.

## II.     Plaintiff Cannot Demonstrate That His Injuries Resulted From An Explicit Policy of the District of Columbia.

As discussed above, a municipality's liability for constitutional violations is restricted to

where a deliberate choice to follow a course of action is made from among various alternatives

by city policymakers. *City of Canton*, 489 U.S. at 389.  This requirement ensures that a

municipality is held liable only for those deprivations resulting from the decisions of its duly

constituted legislative body or of those officials whose acts may fairly be said to be those of the

municipality. *See Board of County Com'rs of Bryan County* v. *Brown,* 520 U.S. 397, 403-04

(1997).  Thus, a plaintiff must establish municipal liability by showing that "the municipality or

one of its policymakers explicitly adopted the policy that was 'the moving force of the

constitutional violation.' " *Warren v. District of Columbia* 353 F.3d 36, 39 (D.C. Cir. 2004)

(quoting *Monell,* 436 U.S. at 694).

Plaintiff cannot show that the actions of Defendant Amos were birthed "from the

decisions of [the District's] duly constituted legislative body or of those officials whose acts may

fairly be said to be those of the municipality." *Board of County Com'rs of Bryan County*, 520

U.S. at 403-04.  Nothing in the record supports the notion that the District of Columbia, or the

Metropolitan Police Department, has any sort of formal policy that would have directed

Defendant Amos to smash a car trunk onto the Plaintiff's head without provocation or prior

confrontation, as plaintiff alleges.  The Amended Complaint does not even attempt to allege that

the District of Columbia possessed some sort of custom or policy that would have directed

Defendant Amos to smash a car trunk onto the Plaintiff's head.  *See generally* Am. Compl.

Consequently, Plaintiff cannot proceed against the District  on Count I under a custom or policy

theory.

### III.   Plaintiff Cannot Demonstrate That the District's Inaction Amounted to a Decision to Violate the Constitution.

Although the "deliberate-indifference" standard provides the opportunity to argue that the

District's inaction amounts to a decision to violate the Constitution, nothing in the record

supports such indifference here.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, at 394-95 (1989)

(O'Connor, J., concurring in part and dissenting in part) ("a claim of municipal liability is

predicated upon a failure to act, the requisite degree of fault must be shown by proof of a

background of events and circumstances which establish that the 'policy of inaction' is the

functional equivalent of a decision by the city itself to violate the Constitution."); *see also*

*Warren*, 353 F.3d at 39 (Deliberate indifference "involves more than mere negligence. It does

not require the city to take reasonable care to discover and prevent constitutional violations. It

simply means that, faced with actual or constructive knowledge that its agents will probably

violate constitutional rights, the city may not adopt a policy of inaction.").  The pattern of

indifference must be comprised of *similar* constitutional violations affecting the plaintiff *and*

other persons.  *See Martin v. Malhoyt*, 830 F.2d 237, 255 (D.C. Cir. 1987) ("One instance,

however egregious, does not a pattern or practice make."); *McClendon v. City of Columbia*, 258

F.3d 432, 442 (5th Cir. 2001) (The pattern must reflect "similar incidents in which citizens were

injured or endangered by" unconstitutional conduct.).  Each violation must be a "*concentrated,*

5

*fully packed, precisely delineated scenario.*"  *Parker* v. *District of Columbia*, 850 F.2d 708 712

(D.C. Cir. 1988) (emphasis added); *see Cox v. District of Columbia*, 821 F. Supp. 1, 13 (D.D.C.

1993) (noting that the Supreme Court ratified the D.C. Circuit's *Parker* decision in *City of*

*Canton*).  The violations must not be *scattered* or *isolated*. Instead, they must "*line up* to

compose a *common* or *widespread* pattern."  *Carter v. District of Columbia*, 795 F.2d 116,

123−24 (D.C. Cir. 1986) (emphasis added).  Thus, a plaintiff must show that policymakers knew

of and tacitly authorized a pattern of similar constitutional violations by non-policymaking

employees.  *City of Canton*, 489 U.S. at 397 (O'Connor, J., concurring in part and dissenting in

part).

Plaintiff cannot point to - nor alleges - any pattern of repeated incidents to which the

District was deliberately indifferent that support of municipal liability here.  *See generally* Am.

Compl.  No documents in the record indicate that the District of Columbia knew of and tacitly

authorized a pattern of unprovoked assaults by officers against other persons.  The Plaintiff, thus,

cannot rely on a theory of the District's inaction to attach §1983 liability to the District.

Because Plaintiff 's theory of liability rests solely on the doctrine of *respondeat superior*,

and because he cannot proffer any evidence that the District maintained policies promoting the

unprovoked battery of civilians, and because Plaintiff cannot demonstrate pervasive deliberate

indifference to such behavior, the District of Columbia is entitled to summary judgment on

Count I of the Amended Complaint .

### CONCLUSION

For the foregoing reasons, the District of Columbia is entitled to summary judgment in its

favor on Count  I of the Amended Complaint.

Dated: February 3, 2017

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Sarah L. Knapp*
SARAH L. KNAPP [470008]
Chief, Civil Litigation Division Section III
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6528
sarah.knapp@dc.gov

/s/ Alex Karpinski
ALEX KARPINSKI [982184]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
(202) 442-9866
alex.karpinski@dc.gov


*/s/ Jordan S. Liew*
JORDAN S. LIEW[2]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6511
Fax: (202) 741-8995

*Attorneys for the District of Columbia*

---

[2]      Admitted to practice only in Maryland. Appearing before this Court pursuant to LCvR 83.2(f).

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

TRAYON WHITE,

      Plaintiff,

      v.

DISTRICT OF COLUMBIA, *et. al.,*

      Defendants.

Case No.: 14-cv-00723 (CKK)

**STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. Nothing in the record supports the notion that the District of Columbia, or the Metropolitan Police Department, contain any sort of formal policy that would have directed Defendant Amos to smash a car trunk onto the Plaintiff's head without provocation or prior confrontation, as plaintiff alleges.

2. Plaintiff's own Amended Complaint does not  attempt to allege that the District of Columbia possessed some sort of custom or policy that would have directed Defendant Amos to smash a car trunk onto the Plaintiff's head.  *See generally* Pl. Am. Compl.

3. Plaintiff cannot point to - nor alleges - any pattern of repeated, deliberate indifference that would allow him to argue for the imposition of municipal liability against the District of Columbia.  *See generally* Pl. Am. Compl.

4. No documents in the record indicate that the District of Columbia knew of and tacitly authorized a pattern of unprovoked assaults by officers against other persons.

Dated: February 3, 2017

Respectfully submitted,

KARL A. RACINE
Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Sarah L. Knapp
SARAH L. KNAPP [470008]
Chief, Civil Litigation Division Section III
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6528
sarah.knapp@dc.gov

/s/ Alex Karpinski
ALEX KARPINSKI [982184]
Assistant Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C.  20001
(202) 442-9866
alex.karpinski@dc.gov

/s/ Jordan S. Liew
JORDAN S. LIEW[3]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6511
Fax: (202) 741-8995

*Attorneys for the District of Columbia*

---

[3]    Admitted to practice only in Maryland. Appearing before this Court pursuant to LCvR 83.2(f).

2